UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CURTIS McDANIEL,<br><br>                       Plaintiff,<br><br>-against-<br><br>THE PEOPLE OF THE STATE OF NEW YORK; DET. J. QUILTY, #2751; A.D.A. C. RIVET; E.S.U. JOHN D.; JOHN D.; JOHN D.; JUDGE ANN D. THOMPSON; JUDGE A. DRYSDALE; OFFICER NYP JOHN DOE; JOHN DOE,<br><br>                       Defendants. | 19-CV-8166 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated at Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983. By order dated July 8, 2019, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP). For the following reasons, the complaint is dismissed without prejudice.

## BACKGROUND AND DISCUSSION

In a complaint opened under case number ECF 1:19-CV-3526, 1, and which remains pending, Plaintiff alleges claims of false arrest, false imprisonment, malicious prosecution, and use of excessive force. Plaintiff named as Defendants the People of the State of New York, Judge Ann D. Thompson, Judge A. Drysdale, Detective James Quilty, Assistant District Attorney Christopher Rivet, two John Doe police officers, and four John Doe members of the Emergency Service Unit (ESU) at 100 Centre Street. Plaintiff alleges the following facts in that case.

Plaintiff had an altercation with his roommate, a transgender woman. She called the police but Plaintiff left before the police arrived. Three months later, Plaintiff was arrested when he was in court on another criminal matter. He was not read his *Miranda* rights or told what he was being arrested for until his arraignment. ESU officers assaulted Plaintiff in a holding pen at

the courthouse. Plaintiff was indicted by a grand jury on a false misdemeanor charge of assault, but the case against him was later dismissed on speedy trial grounds.

On September 24, 2019, Judge Oetken ordered service on the City of New York and Detective Quilty, and dismissed on immunity grounds Plaintiff's claims against the other defendants. The City of New York and Detective Quilty were served with process. The matter was referred to Judge Cott, who on December 17, 2019, stayed the matter pending the outcome of an investigation by the Civilian Complaint Review Board.

Thereafter, Plaintiff filed this new action. On September 12, 2019, Plaintiff filed an amended complaint naming the same defendants that are named in 19-CV-3526 — the People of the State of New York, Detective Quilty; Judges Thompson and Drysdale; ADA Rivet; and John Doe police officers and ESU officers — and he again alleges that he was arrested in connection with a dispute with his transgender roommate, that ESU officers assaulted him in a holding pen, that he was falsely arrested and maliciously prosecuted, and that the charges were dismissed on speedy trial grounds.[1]

This complaint raises the same claims against the same defendants, and appears to be a duplicate submission.[2] No useful purpose would be served by the filing and litigation of this

---

[1] Plaintiff has filed four other *pro se* matters in this Court. *See McDaniel v. People of the State of New York*, ECF 1:20-CV-0254, 1 (filed Jan. 10, 2020); *McDaniel v. People of the City of New York*, ECF 1:19-CV-11265, 2 (filed Dec. 6, 2019); *McDaniel v. John Doe Corr. Officer*, ECF 1:19-CV-8735, 2 (filed Sept. 20, 2019); *McDaniel v. People of the State of New York*, ECF 1:19-CV-7680, 1 (filed Aug. 14, 2019).

[2] In fact, Plaintiff has written letters to the Court stating that documents he intended for filing in one case ended up docketed in a different case. *See, e.g. McDaniel v. People of the State of New York,* ECF 1:19-CV-3526, 21 ("Plaintiff informs the Court that his cases have been mixed-up and duplicated twice.")

duplicate lawsuit. Therefore, this complaint is dismissed without prejudice to Plaintiff's case pending under docket number 19-CV-3526.

In light of the Court's belief that Plaintiff submitted this duplicate complaint in error, or that it was not Plaintiff's intention to file a duplicate lawsuit, the Clerk of Court shall not charge Plaintiff the $350.00 filing fee for this action, and the Warden or Superintendent having custody of Plaintiff is directed to suspend any previously authorized monetary deduction from Plaintiff's prison trust account for this lawsuit.[3]

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint is dismissed without prejudice as duplicative. The Clerk of Court is directed to send a copy of this order to the agency having custody of Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 14, 2020
       New York, New York

                                              COLLEEN McMAHON
                                       Chief United States District Judge

---

[3] Plaintiff is reminded that, under 28 U.S.C. § 1915(b)(1), a prisoner bringing a new civil action is required to pay the full $350 filing fee even when proceeding IFP. Plaintiff recently filed another case that appears to be substantially similar to this case and to 19-CV-3526. *See McDaniel v. People of the State of New York*, ECF 1:20-CV-0254, 1 (S.D.N.Y. Feb. 3, 2020) (ordering Plaintiff to show cause why the complaint should not be dismissed as duplicative of 19-CV-3526). Instead of filing new complaints about the same events and incurring new filing fees, Plaintiff would be better served by seeking leave to amend his complaint in the pending case, under Federal Rule of Civil Procedure 15, once the stay has been lifted.